# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2457

_____

United States of America,   *
                            *
      Plaintiff - Appellee,  *
                            *   Appeal from the United States
v.                          *   District Court for the
                            *   District of South Dakota.
William Robert Joseph Reed,  *
                            *
      Defendant - Appellant. *

_____

Submitted: February 15, 2011
Filed: June 15, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted William Reed of three counts of receipt and distribution and one count of knowing possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B), 2256(8). He appeals, arguing that the district court[1] abused its discretion in granting the government's pretrial motion *in limine* to exclude the fact that its superseding indictment omitted charges for which Reed had provided evidence of an alibi defense, and in sustaining an objection to a portion of Reed's trial testimony based upon that pretrial ruling. We affirm.

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

# I. The Pretrial Motion *in Limine* Ruling

Based on information that Reed, a student at South Dakota State University, was using a chat and file-sharing program to download and share child pornography, federal agents conducted a warrant search of Reed's residence on September 19, 2007. The agents seized Reed's laptop computer, a USB storage device, and three hard drives. A forensic examination of the hard drives uncovered "thousands" of chat transcripts, many of which involved sexually explicit topics and the transfer of images depicting child pornography. The government initially charged Reed with nine counts of receipt and distribution of child pornography. After Reed responded to a Demand for Notice of Alibi with evidence tending to show that various roommates had access to his computer and that he was out of town when some of the nine chats took place, the government filed a superseding indictment that charged only three counts of receipt and distribution on February 15, 16, and 18, 2007, and added a fourth count of knowing possession of child pornography between the dates April 14, 2006 and September 19, 2007.

On the eve of trial, the government filed a motion *in limine* to exclude "any reference to the fact that 9 counts . . . were charged in [the initial Indictment] and that 6 of those counts are not present in a Superseding Indictment." Defense counsel objected that cross-examining the government's witnesses about the six dropped counts would support Reed's defense that other persons with access to his computer had downloaded and shared all the child pornography. The prosecutor responded that it was "probably fair" to allow Reed to offer other chats to show "it [was] not him," but that evidence as to the government's charging decisions was not "fair game." The district court granted the motion *in limine* but stated that Reed was not prevented "from attempting to show that others at various times used his computer."

On appeal, Reed argues that the district court abused its discretion by allowing the government to suppress exculpatory evidence in violation of his due process rights under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). The government's motion

essentially withdrew evidence, he explains, "which resulted in a situation identical to one where the Government suppressed the evidence in the first instance." This contention is without merit. Reed concedes that the government permitted his attorney to view all seized "images and their associated dates through the discovery process." Brady addressed only the government's duty to provide access to evidence favorable to an accused upon request. It does not require a prosecutor to retain or pursue criminal charges to which the defendant has an alibi so that the defendant can refute those charges at trial. Reed's suggestion that the government's decision to drop charges relating to the downloading of certain images rendered evidence relating to that downloading inadmissible at trial is obviously contrary to the district court's explanation of its pretrial ruling.

Several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues. See United States v. Kim, 95 F. App'x 857, 860 (9th Cir. 2004) (unpublished); United States v. Pitt-Des Moines, Inc., 168 F.3d 976, 991-92 (7th Cir. 1999); United States v. Candelaria-Silva, 166 F.3d 19, 35 (1st Cir. 1999), cert. denied, 529 U.S. 1055 (2000); United States v. Delgado, 903 F.2d 1495, 1499 (11th Cir. 1990), cert. denied, 498 U.S. 1028 (1991). In a related context, we held in United States v. Noske, 117 F.3d 1053, 1058 (8th Cir. 1997), cert. denied, 522 U.S. 1119 (1998), that the minimum probative value of evidence that an IRS agent had recommended against prosecuting was "outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury." Here, the government limited its motion *in limine* to evidence of its charging decisions. The district court did not abuse its discretion in granting that motion.

## II. The Evidentiary Ruling at Trial

Alternatively, Reed argues that the district court abused its discretion by the manner in which it enforced the *in limine* ruling at trial. A brief review of the trial evidence is needed to frame this issue.

In its case-in-chief, to prove the three counts of receipt and distribution, the government introduced chat transcripts dated February 15, 16, and 18, 2007, images of child pornography exchanged with each chat, and testimony by forensic computer experts that these exhibits had been stored on one of Reed's hard drives and saved under a unique identification number that the "Google Hello" chat program had assigned to a user screen name admittedly used by Reed. In addition, witness Laura Aragon testified that she was Reed's only roommate during the 2006-2007 school year, that she occasionally used his computer but never to chat, and that she never used and was not familiar with the "Google Hello" program.

To prove the possession count, the Government introduced ten images of child pornography recovered from the same hard drive. The forensic expert testified that these images were in an "orphan" file into which material had been deleted at 2:17 a.m. on September 19, 2007, hours before the warrant search.[2] Agent Charla Aramayo, who took part in executing the warrant later that morning, testified that when she entered Reed's bedroom he tried to conceal a hard drive in the palm of his hand. When asked why he had the hard drive in his hand, he responded that he did not want anyone to see the non-nude images of young children on the drive.

The defense called only one witness who responded to this evidence, defendant Reed. He admitted registering and using the screen names in question, engaging in

---

[2]"The presence of child pornography in . . . orphan files on a computer's hard drive is *evidence* of prior possession of that pornography." United States v. Kain, 589 F.3d 945, 950 (8th Cir. 2009).

many chats, and downloading adult pornography. But he vehemently denied participating in the chats introduced by the government to prove counts 1-3, or ever dealing in or knowingly possessing child pornography. Indeed, Reed told the jury, on three occasions when he received unsolicited images depicting child pornography from unknown sources (including at 2:00 a.m. on September 19), he immediately deleted the images and deleted the sender from his chat "list." The district court's evidentiary ruling that Reed challenges on appeal came at this point in defense counsel's direct examination:

BY MR. NELSON [defense counsel]:

Q: Did I ask you to gain information about where you might have been on the dates contained in the indictment?

A: Yes, you did.

Q: How would you go about doing that?

A: I went about doing that by several means. I talked to my sisters, talked to my mom, talked to my dad, I got ahold of bank records, looked at my cell phone records. I had been in a car accident, I looked at the dates that that car accident happened.

MR. CLAPPER [the prosecutor]: Objection, Your Honor, motion in limine.

THE COURT: Approach the bench, counsel. (Bench conference.)

THE COURT: Don't go in to anything other than the dates regarding this one, because if you do I will blister you.

MR. NELSON: He went off the end of what I asked.

THE COURT: Keep it to the current indictment.

BY MR. NELSON:

Q: Is that how you discovered you were at a party at your friend's house [the weekend of February 15-18, 2007, as Ms. Aragon had testified]?

A: I only looked in to that later after I first found out the information you had first asked of me.

Defense counsel then turned to the subject of Reed's computer usage. Reed explained that during the years he owned the computer, he lived with ten different roommates and took minimal precautions to prevent others from accessing his hard drives and chat accounts. The defense called no other witness to testify that others had accessed Reed's computer, and no forensic expert to challenge the government's potent forensic evidence.

On appeal, Reed argues that the district court abused its discretion by enforcing the *in limine* ruling too broadly when it limited his testimony to the dates charged in the superseding indictment, February 15-18, 2007, because he was also charged with knowing possession from April 14, 2006 to September 19, 2007. This contention mischaracterizes the court's ruling. When counsel asked if Reed had investigated where he had been on "the dates contained in the indictment," Reed began to describe his whereabouts on the date of a car accident, a date the prosecutor knew from pretrial discovery, and the court knew from the pretrial motion argument, was relevant to one or more of the six counts omitted from the superseding indictment. The court could reasonably infer that defense counsel had asked an ambiguous question hoping it would give Reed an opportunity to improperly refer to the dismissed counts. Sustaining the government's objection with a stern admonition to defense counsel was in order.

Contrary to Reed's contention on appeal, this ruling did not preclude him from presenting evidence that child pornography had been downloaded onto his computer on dates other than February 15-18, 2007, when he could not have been the user because he was in the hospital or out of town. That would have been evidence the

-6-

district court's pretrial ruling expressly permitted.  Defense counsel made no attempt to clarify the scope of the court's trial ruling, and no attempt to develop such an alibi defense.  This is not surprising, because Ms. Aragon, the only roommate with access to his computer on February 15-18, 2007, had already testified, and the government's proof of the possession charge was limited to child pornography found in the computer's orphan file on September 19, 2007, into which Reed admitted deleting unsolicited images earlier that morning.  In these circumstances, Reed's contention that the district court misapplied its own pretrial ruling and barred him from presenting relevant alibi evidence was not properly preserved at trial, either by an offer of proof, a request for clarification, or an attempt to introduce the  purported alibi evidence in another way.

The judgment of the district court is affirmed.

_____